Good morning, Your Honors. Judge Caney, Judge Mannion, and Judge Sykes. Mr. Donnell Jehan is here before you this morning because he is eligible for a reduction in his sentence under the Amendment to the Sentencing Guidelines 782 and pursuant to the Supreme Court case Hughes v. The United States. The district court erred in finding him ineligible because the court applied United States v. Davis, which was not correct in this particular case. Mr. Jehan had entered an 11C1C plea agreement, and that agreement has obligated the court to follow the recommendations of the party and to accept the plea agreement as it was drafted. The plea agreement contained no particular sentencing amount but an admission to having distributed over more than 50 kilograms of crack cocaine, 150 kilograms of cocaine, and 30 kilograms of heroin. There was no further particular amount described in the plea agreement to which Mr. Jehan consented. The problem with applying Davis to this case is threefold. First of all, Davis didn't concern the application of the 11C1C agreement. It was in Davis, all of the defendants had regular plea agreements. There were specific quantities determined at the time of each of the defendants' sentencings. This was specific to Amendment 706 and not 702. It was specific to crack cocaine. Specific quantity findings were made in Davis for each defendant, and the court was not bound by the plea agreements which the defendants entered. None of these things are true for Mr. Jehan. So the other thing that happened in Davis, which distinguishes it from what happened in Mr. Jehan's case, is that the Davis court ordered new probation reports for each of the defendants and then went through and repeated the original sentencing calculations, the original amounts that were found, and the new reports as well. This also was not done with respect to Mr. Jehan. In fact, at his original sentencing hearing, no specific quantity was discussed. The government says that this isn't a problem because the PSI contained further information and it wasn't disputed at the time of sentencing. And that is not an accurate characterization of what happened, because as the court knows, under the guidelines, a defendant may decline to either admit or deny the facts in the PSI in order to preserve his acceptance of responsibility. There was no discussion at all at the sentencing hearing, and there didn't need to be, because of the nature of the 11C1C agreement at which a specifically agreed sentence was imposed. So with respect to the change under 782, that reduced the guidelines to which Mr. Jehan pled guilty by two levels. It changed his sentencing range, and under Dillon, the court was also permitted to further reduce his sentence in accordance with the original plea and a subsequent reduction that he had received some time later. So the court was wrong in deciding that she did not have the authority or that Mr. Jehan was ineligible. The court also found that the ex post facto clauses discussed in Pew, which applies to sentencings, did not apply in this particular case. And the government pursues this contention as well under United States v. Diggs, but they take a very narrow reading of what Pew said about the ex post facto clause, because its concerns are not limited to fair warning and such. They are also concerned with, even where these concerns are not directly implicated, the court said, the clause also safeguards fundamental fairness, a fundamental fairness interest in having the government abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or life. And those are the concerns that are implicated here, because if we look at the broader context, Amendment 782 was meant to correct the problems of disparities in sentencing, the draconian sentences that are required or advised under the guidelines for drug cases, and to partially address the problem that we have with mass incarceration in this country. And those concerns should be given play in these kinds of sentencing reduction requests. And the court should not be to read the law in his favor as far as possible, as Congress has decided that this is something that should be done, and the Sentencing Commission has also. Instead of reading the law to enable Mr. Jahan to benefit from this, the court erred in finding that he was not eligible for the reduction. What exactly is the error? The error is in finding him ineligible, which the court did based on United States v. Davis. And in United States v. Davis, this court said that a court can look at the facts in the PSI, and if there are sufficient facts in the PSI, there's nothing to prevent the court from finding that the person is ineligible because the guideline is not reduced. And that's done in the context of an ordinary plea agreement in a case where specific findings were made with respect to the drug quantities. In this particular case, you can't say the same thing for Mr. Jahan because there weren't particular quantities found beyond the ones that he admitted to in his plea agreement, and the plea agreement was binding on the court. So she was simply wrong in applying Davis to Mr. Jahan's case to find him ineligible. What, as I understand, what the district judge did is rely on the stipulations in the plea agreement that your client was responsible for more than those upper range amounts of drug quantity, and then referred to the more precise findings in the PSR, which were accepted by all at the original sentencing. No objections were made, true in reliance on a lock-in plea agreement, but it is the case that no objections were made to the degree and level of your client's drug dealing over the course of a lengthy period of time on a massive scale, and determined that he would have had the same base level even under the new guidelines, so that the new guidelines can't help him. It wasn't an eligibility kind of a finding as a matter of law, just that he didn't, the new guidelines wouldn't help him because the amount of drugs that he was dealing exceeded the new baselines. Your Honor, I think that first of all it's incorrect or inaccurate to say that he stipulated to the facts in the plea agreement. It's true that the parties, neither party made any objections, but that's not the same thing as accepting or agreeing or admitting to what's contained in the PSI. Well there was no objection. Well that's true, but under the guidelines a person can not object, which is taken as either neither an admission nor a denial in order to preserve his acceptance of responsibility, and there was no reason for him to object to anything in the PSI because the PSI at this particular sentencing was irrelevant. So in order for Mr. Chahan to be held accountable for facts that would increase his sentencing beyond what he admitted to in his plea agreement, in this case a binding plea agreement, there would have to be a resentencing, which is also not permitted under the 3582C and the guidelines. So it's our position that the court was bound by what he admitted to in the plea agreement that it could not in this particular case apply what was in the PSI without having a new sentencing or without violating the ex post facto application to the sentencing guidelines. You're not asking for a new sentencing hearing, are you? No, I'm asking for him to be considered eligible for a reduction and for the court to then take the next step and decide whether she would exercise her discretion to give him that reduction. Well the thing that I guess amazes me, there's no way of even exaggerating the amount of drugs sold here. I mean people are making $200,000 or $300,000 a day. That was a question, Your Honor, that was not litigated at the time. I can understand why. And it wasn't litigated because of the nature of the plea agreement. And you can't apply those particular facts to Mr. Chahan without violating the ex post facto clause in his case, which essentially amounts to determining that he has a higher base offense level than what he admitted to in his binding plea agreement, which would increase his sentence rather than reduce it. I see I'm out of time. I'd ask the court to reverse the district court's determination and send it back for a redetermination on this issue. Thank you, counsel. Thank you. Good morning. It may please the court. Suresh Appleby Botticharjee for the United States. The district court correctly concluded the defendant was not entitled to a sentence reduction because based on the undisputed record facts as they existed at the time of sentencing, defendant's guidelines range was not lowered by Amendment 782. The judgment below should be affirmed. I'd like to start by addressing defense counsel's contention that Davis, as decided by this court and the Supreme Court's decision in Hughes, are somehow in tension with each other. They are not because both cases speak to completely different issues. Hughes simply states that a defendant by virtue of a Type C plea agreement is not categorically ineligible to receive a sentence reduction under 3582C. The last time the court addressed defendant's appeal from a motion for a sentence reduction, Hughes had not been decided, and the form of defendant's plea agreement was categorically disqualifying. That's no longer the case, but now the inquiry under 3582C is whether the defendant's guidelines range was lowered by a subsequent amendment, here Amendment 782. And what Davis says is that a district court in ruling on a motion for a sentence reduction has the ability to make factual findings if they are not inconsistent with the record as they exist at the time of the original sentencing. That's precisely what the district court did here. In the minute order denying defendant's motion for a sentence reduction, the district court cited both the admissions and the plea agreement as well as the undisputed assertions in the PSR that attributed to defendant trafficking over 150 kilograms of crack cocaine, which is six times more than the threshold set by Amendment 782 for a base offense level of 38. And since the base offense level is the only issue in dispute here, and defendant's base offense level doesn't change under Amendment 782, the district court correctly concluded he's not entitled, as a matter of law, to petition for a sentence reduction. I'd like to address defendant's statements regarding why no objections were made at the time of the original PSR, and I don't believe there's anything in the record that indicates either party was prevented from making non-frivolous objections to the PSR. What the PSR did find is consistent with defendant's own sworn admissions in both his plea agreement and in his change of plea colloquy. In his plea agreement, defendant admits to being the street king of the Black Disciples Gang, which over the course of more than a decade, and helming this prolific drug trafficking organization that was responsible for multiple drug spots, including this Calumet building, which a cooperating witness indicated in the PSR, was responsible for pushing out 1.5 kilograms of crack cocaine per week over the course of two years. These are factual findings that were in the PSR, but they're consistent with defendant's own plea admissions, and moreover, they were not disputed by either party before the district court. So I suppose the only remaining question is whether the district court's reliance on the undisputed factual record at the time of sentencing somehow triggers the protections of the ex post facto clause. And defense counsel is right, the government is relying upon this court's decision in Diggs, which we submit is dispositive on this issue. As Diggs states, there are only two possible outcomes to a 3582C proceeding. The defendant either walks away with the same sentence or a lesser sentence. There's no possibility that the defendant would walk away with a higher sentence, which means that the ex post facto clause and its protections simply are not engaged by this type of action. Even so, defense counsel argues that the court should consider matters like disparities in sentencing and the policy statements animating amendment 782 in trying to find a basis for justifying relief here. And the fact is, the district court would be permitted to consider 3553A factors like that, disparities in sentencing, policy statements, if, but only if, the defendant had amendment 782 lowered his sentencing range. That did not happen here, and that's the, that's the simple fact that the district court relied upon in making its ruling here. That ruling was not error, and so the government would respectfully request that the judgment below be affirmed. If the court has any questions, I'm happy to answer them. Otherwise, I will submit on the briefing and respectfully surrender the rest of my time. Thank you, counsel. Thank you. Thanks to both counsel. The case is taken under advisement.